UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD JENNINGS, Jr.

    Plaintiff,                           Civil Action No. 2:08-12463
v.                                            HONORABLE PAUL D. BORMAN
                                                UNITED STATES DISTRICT COURT

CATHY GARRETT,

    Defendant,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I. INTRODUCTION**

Before the Court is Plaintiff Floyd Jennings, Jr.'s *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner who is currently confined at the Standish Maximum Correctional Facility in Standish, Michigan. For the reasons stated below, the complaint is **DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**II. STANDARD OF REVIEW**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995).

Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608

1

(6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III. COMPLAINT

Plaintiff is suing the defendant, the Wayne County Circuit Court Clerk. The complaint alleges that plaintiff filed a post-conviction motion with the Wayne County Circuit Court pursuant to M.C.R. 6.500, *et. seq.* Plaintiff does not specify the criminal conviction that he was attacking in this post-conviction motion, nor does he allege what grounds for relief were raised in the motion. The motion was denied by the trial court on October 5, 2004. Petitioner claims that he did not receive a copy of the trial court's order denying post-conviction relief until October 21, 2005. Plaintiff claims that he spent over seven months prior to this date attempting to obtain a copy of this order so that he could appeal the trial court's denial of his motion to the Michigan appellate courts. Petitioner claims the defendant's failure to provide him with a timely copy of the trial court's order lead to the dismissal of his post-conviction appeal by the Michigan Court of Appeals on the ground that the appeal had not been filed within twelve months of the trial court's decision, as required by M.C.R. 7.205. Plaintiff claims that the defendant's actions have deprived him of his right of access to the courts. Plaintiff seeks monetary damages and declaratory relief.

## IV. DISCUSSION

Plaintiff's suit for monetary damages against the clerk of the Wayne County Circuit Court must be dismissed on the grounds of quasi-judicial immunity. In *Smith v. Shelby County, Tenn.,* 3 Fed. Appx. 436, 437-38 (6th Cir. 2001), the Sixth Circuit held that a county court clerk was protected by absolute quasi-judicial immunity in a § 1983 action in which a state prisoner alleged that the clerk had violated his rights by delaying adjudication of his petition for post-conviction relief and motion to set aside guilty pleas. Therefore, the defendant in this case would be protected by absolute quasi-judicial immunity for monetary damages for any failure to timely provide plaintiff with a copy of the trial court's order denying him post-conviction relief.

Plaintiff's claim fails for another reason. To establish an access to the courts violation under § 1983, a plaintiff must prove that the violation was intentional, not merely negligent. *See Wojnicz v. Davis,* 80 Fed. Appx. 382, 384 (6th Cir. 2003); *Garrison v. Corr,* 26 Fed. Appx. 410, 411 (6th Cir. 2001).

In the present case, plaintiff's allegations, at best, establish merely that the defendant may have been negligent in failing to send plaintiff a copy of the trial court's decision in a timely manner. Except for plaintiff's "empty allegations", plaintiff has presented no evidence that defendant acted deliberately or maliciously in failing to provide him a copy of the trial court's decision so that he could file a timely appeal of the denial of his post-conviction motion with the Michigan Court of Appeals. *See Kampfer v. Vonderheide,* 216 F. Supp. 2d 4, 7 (N.D.N.Y. 2002). Conclusory unsupported allegations of a constitutional deprivation do not state a § 1983 claim. *Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998). Plaintiff's complaint is therefore subject to dismissal.

Plaintiff's lawsuit is also subject to dismissal because plaintiff has failed to indicate the claims that he sought to raise in his post-conviction motion for relief from judgment. In order to state a claim for denial of meaningful access to the courts, a prisoner must plead and prove prejudice stemming from the asserted violation. *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996); *See also Boswell v. Mayer*, 169 F. 3d 384, 387 (6th Cir. 1999). Plaintiff's claim of actual prejudice in this case is entirely conclusory, because he has failed to to allege the exact nature of the claims that he sought to present to the Michigan courts in his 6.500 motion for relief from judgment. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 648 (E.D. Mich. 2004). Without any information on the validity of the motion for relief from judgment, plaintiff has failed to show an actual injury to sustain a cause of action for a violation of his right to access of the courts. *Id.*

## V.  CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Complaint **[Docket No: 1, filed June 10, 2008]** is summarily **DISMISSED FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

**SO ORDERED.**

s/Paul D. Borman  
**PAUL D. BORMAN**  
**UNITED STATES DISTRICT JUDGE**

**Dated:  July 1, 2008**

## CERTIFICATE OF SERVICE

**Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 1, 2008.**

                                                **s/Denise Goodine**
                                                **Case Manager**