## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FLOYD JENNINGS, Jr.

      Plaintiff,                        Civil Action No. 2:08-12463

v.                                  HONORABLE PAUL D. BORMAN
                                       UNITED STATES DISTRICT COURT

CATHY GARRETT,

      Defendant,

_____/

## OPINION AND ORDER DENYING THE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND THE MOTION FOR RECONSIDERATION

On July 1, 2008, this Court denied plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983, on the ground that plaintiff had failed to state a claim upon which relief could be granted. Plaintiff has now filed a combined motion for leave to file amended complaint and motion for reconsideration. For the reasons stated below, the motion is DENIED.

Plaintiff initially requests this Court to allow him to amend the complaint to avoid dismissal of the original complaint. Under The Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. See *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997). If a complaint fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612. Moreover, under the PLRA, a district court has no discretion to amend a complaint to avoid a *sua sponte* dismissal. *Id., See also Warren v. Doe,* 28 Fed. Appx. 463, 464 (6th Cir. 2002). Because, the Sixth Circuit has indicated that this Court is without the power to amend a complaint to avoid a *sua sponte* dismissal pursuant to § 1915(e)(2), the Court will deny plaintiff's motion to amend the complaint.

Plaintiff further asks this Court to reconsider its original order of summary dismissal. Eastern District of Michigan Local Rule 7.1(g)(3) provides that in order for a court to grant a motion for reconsideration, the movant must show (1) a palpable defect; (2) that misled the court and the parties; and (3) that correcting the defect will result in a different disposition of the case. *Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F. Supp. 2d 710, 715 (E.D. Mich. 2002). A 'palpable defect' is a defect which is considered "obvious, clear, unmistakable, manifest, or plain." *Id.* As a general rule, a court will not grant a motion for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. *Id.* (citing E.D. MICH. L.R. 7.1(g)(3)).

Plaintiff's motion for reconsideration will be denied, because plaintiff is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed plaintiff's civil rights complaint. *Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Amended Complaint and Motion for Reconsideration **[Docket No: 5, filed July 23, 2008]** is **DENIED**. **SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 28, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 28, 2008.

s/Denise Goodine
Case Manager